**D. P. WRIGHT et al., Appellants,**

v.

**The CITY OF FORT WORTH et al.,**
**Appellees.**

**No. 17427.**

Court of Civil Appeals of Texas,
Fort Worth.

June 22, 1973.

Rehearing Denied July 20, 1973.

Fannin & Fannin, and Oliver W. Fannin, Jr., Fort Worth, for appellants.

S. G. Johndroe, Jr., City Atty., and John F. Gray, Asst. City Atty., Fort Worth, for appellees.

OPINION

LANGDON, Justice.

This suit was initiated by the appellants, D. P. Wright, J. A. Rich, D. C. Barron, R. C. Swan, M. L. Wynne, T. A. Dorough, V.

L. Simmons, C. L. Mitchell and D. R. McCullough, all of whom are firemen employed by the Fire Department of the City of Fort Worth, seeking a mandatory injunction against appellees, the City of Fort Worth and six employees of the Aviation Department of the City of Fort Worth, i. e., A. L. Agan, J. W. Forsythe, J. W. Gibson, J. C. Greener, R. D. Bane and L. Forester. The individual defendants above named (appellees herein) were at the time of filing of such suit employees under the Aviation Department and were classified as members of the aircraft crash rescue squad at Meacham Field Municipal Airport. The suit seeks to require the City of Fort Worth to operate the aircraft crash rescue service at Meacham Field with members of the Fire Department and to require the City to promote the appellants to the position now held by the six individual appellees. As authority for such suit, appellants cite Article 1269m, Revised Civil Statutes of Texas, and urge that such act governs and controls not only members of the Fire Department and Police Department of the City of Fort Worth but also those of the Aviation Department of the City of Fort Worth, because employees of such department were engaged in work which appellants claim should be classified as the sole province of the Fire Department.

In response thereto, the appellees, City of Fort Worth and the six individual defendants, duly answered and subsequently filed a motion for summary judgment based upon pleadings, affidavits, exhibits and instruments of record urging that same conclusively demonstrated:

(1) that the aircraft crash rescue facility located at Meacham Field is not a fire station;

(2) that appellee aircraft crash squadmen are not firemen and are therefore not governed by or subject to Article 1269m of the Revised Civil Statutes of Texas, the Firemen's and Policemen's Civil Service Act;

(3) that appellee, City of Fort Worth, has no duty to dismiss appellees Agan, Forsythe, Gibson, Greener, Bane and Forester and in turn replace such appellees by first promoting appellants to Fire Department Drivers and then transferring them to the Aviation Department; and

(4) that appellants have no justiciable interest.

The appellants filed a reply to the motion for summary judgment supported by affidavits in opposition to the motion.

The trial court rendered judgment in favor of appellees, on December 29, 1972, and decreed that plaintiffs (appellants) take nothing by their suit.

This appeal is from that judgment predicated upon two points of error.

We affirm.

By their two points the appellants contend the court erred in rendering the judgment it did because the record before the court establishes that the jobs or positions in controversy are subject to and governed by the terms and provisions of Article 1269m of the Revised Civil Statutes of Texas, the Firemen's and Policemen's Civil Service Act, and second that such record does not conclusively show as a matter of law that the jobs or positions in controversy are not subject to and governed by the terms and provisions of the Firemen's and Policemen's Civil Service Act.

It is undisputed that the jobs or positions in controversy were not filled in the manner provided by the Firemen's and Policemen's Civil Service Act. The appellants argue that such jobs are subject to and governed by the terms and provisions of the Firemen's and Policemen's Civil Service Act and must be filled in the manner provided by that Act. The appellees contend that the Civil Service Act is not applicable to the jobs or positions in controversy and that the appellee City of Fort Worth was not and is not required to fill such jobs or positions in the manner provided by Article 1269m.

The appellees in the trial court and on this appeal contend that the appellee City of Fort Worth had the power and authority to fill the jobs or positions in controversy without complying with the terms and provisions of Article 1269m, because the appellee City is a home-rule city. If the jobs or positions in controversy are not subject to and governed by the terms and provisions of Article 1269m, then this contention is correct because there is no question that the City of Fort Worth as a home-rule city has the power and authority to do anything and everything not prohibited by, in conflict with or inconsistent with the Constitution or a general law.

The Aviation Department of the City of Fort Worth was established by ordinance in 1960 contemporaneously with the establishment of the Aviation Board. Such Board was then empowered, subject to the authority of the City Council, to "have the exclusive control, management, operation and maintenance of the Aviation Department and of the airports system of the City of Forth Worth . . . ." Such Board was also delegated power "to appoint and employ such other officers, assistants and personnel as it may deem necessary for the efficient administration of the affairs of the Aviation Department, and to prescribe and fix their duties, scope of authority and qualifications." Such officers and employees were to be "employees of the City of Fort Worth" and were to be "governed by the personnel rules of the City of Fort Worth and the classification and compensation plan for city employees."

The individual appellees are members of the Meacham Field aircraft crash rescue squad of the Aviation Department.

Appellants are all members of the Fire Department of the defendant City of Fort Worth.

When the jobs or positions in controversy were created by the appellee City of Fort Worth, they were designated as jobs or positions in the "Aircraft Crash Squad" (or "Aircraft Crash Rescue Squad") and placed under the Aviation Department of the appellee City.

The appellees in the trial court and on this appeal contend that Article 1269m does not apply to the jobs and positions in controversy because the Civil Service Act applies only to persons who are members of, employed by and paid by the Fire Department (or the Police Department) of the appellee City of Fort Worth and the persons presently holding the jobs or positions in controversy are not members of, employed by or paid by the Fire Department of the appellee City, but on the contrary, are members of, employed by and paid by the Aviation Department of the appellee City.

It is uncontroverted that appellants have never been assigned as firemen at Meacham Field or assigned as aircraft crash squadmen of the Aviation Department at Meacham Field.

It is undisputed that the appellees have never been assigned as firemen at Meacham Field and that appellees are not and were never firemen. The appellees are aircraft crash squadmen of the Aviation Department assigned to the aircraft crash rescue station at Meacham Field.

By their pleadings, motion for summary judgment and supporting affidavits and exhibits thereto, appellees have conclusively negatived the existence of any genuine fact issue in regard to the controlling matter as to whether such aircraft crash squadmen positions were or are subject to or governed by the terms and provisions of the Firemen's and Policemen's Civil Service Act.

We find and hold, as a matter of law, that neither the six individual appellees of the aircraft crash squad at Meacham Field nor the aircraft crash squadmen positions they hold are governed in any manner whatsoever by the provisions of the Firemen's and Policemen's Civil Service Act. Appellees are public employees who are not

firemen or policemen and are not members of the Fire or Police Departments of the City of Fort Worth.

We overrule appellants' points of error and affirm the judgment of the trial court.